Opinion of the court.
Southard J.
If I understand this case correctly, Hendricks, who was the defendant below, had no claim, of any kind, to a property in the goods for which the action was brought. Day, who once owned them, had been indebted to him about $440, but had secured that debt, by a mortgage on other property, and had eventually paid the debt, by transferring that property, and had received a receipt and discharge in full. Hendricks was, therefore, not a creditor; he could not, in this action, set up the rights of a creditor, by way of defence. The goods had merely been left with him, for safe keeping, and for safe keeping only. He was a mere depositary, and had only a depositary’s rights.
It is, further, entirely manifest, from the state of the case, that when he received the goods, he knew the nature of the transfer, which had been made of them. He received them as the property of Mount and Crane. They wore deposited with him for tlieir benefit, and to be under their control. Has he a right, then, when they claim them, when they demand the possession of them, to say, your title is defective; and though I have no claim, you shall not have them ? I think, clearly, not. In the first place, *he received them, with the express condition, to keep for the benefit of the plaintiff. He must comply with his contract. In the second place, although I think he might, in such case, set up a title in himself, of which he was ignorant, at the time of the deposit, yet he cannot set up a right in some third person ; much less may he defend himself by saying that there are creditors, to wljom, in. justice, these goods ought to go to satisfy their claims. But it is argued, that the bill of sale which transferred the goods to Mount and Crane, was in fraud of creditors, and, therefore, ought to avail them nothing. Now although -we were to admit the fraud in the execution of the bill? yet I do not see how it can avail this defendant. The parties to that bill are willing to abide by it; no one has *856 a right to dispute its validity, but he who is interested in -it. This defendant is not so interested. He is a perfect stranger, so far as relates to any rights under it. And although a creditor may dispute the legality of an instrument, yet, as between the parties to it, a stranger has no right to interfere. We recognize the right of no man, in this wajq to turn Quixotte and fight against fraud, for justice sake alone, (a) In the mouth, therefore, of this defendant, I do not perceive the right to set up this defence, even if it were true in fact. But, upon the case, it is not very clear that there was any fraud in the creation of this bill. Mount and Crane appear to have been both creditors ; one of them a creditor of a most peculiar kind. Is there any thing to prevent the debtor from securing their debt, even if by so doing, he should defeat the claims of other creditors ? It is every day done, under our insolvent system; and every day sustained, in our courts of justice. And however improper, in an honest and moral view, it may sometimes be, still it is legal. (b) If then Mount and Crane, were truly and bona fide creditors, Day had a right, before he presented his petition, to secure their claim. Whether they were such creditors, and whether the bill of sale were made before the petition was presented, were inquiries for the jury. The fair inference, from the evidence, is in their favour, on both points.
Let us now look to the charge against which complaint is made, and see if it be erroneous, as applied to these facts and principles. I understand the court to lay down four positions. 1. That the fact, whether the bill of sale was fraudulent, was, under the evidence, for the consideration and decision of the *jury. 2. That if the jury believed the bill of sale to be fraudulent, it was .void, as against creditors, whenever they should legally contest it; and, as against them, could confer no rights on the plain *857 tiff. 3. That, as between the parties, it was binding. 4. That the defendant having no interest in the goods, concern in the transaction, had no right to interfere and set up the fraud, even if it existed.
Upon all these points, the court was clearly and unquestionably right; and it is scarcely necessary to call in the aid of authorities to prove them. The charge, in substance, was correct.
Upon the question of interest, in the witness, Day, I think there is no necessity for argument or illustration. Whatever doubt might have been raised before the execution of the release, none could be fairly raised after it was executed. ' The argument of the counsel, that the release, if it did not discharge the consideration of the bill, left the interest still existing; and if it did discharge the consideration, destroyed the bill, and with it the rights of the plaintiff; will scarcely be insisted on, when he shall more deliberately have investigated its force. The release merely relieves Day from all claim by Mount and Crane ; but it surely does not restore to him the property, which he had, long before, transferred to them. He had sold the goods in discharge of his debt. The bill was the mere evidence of the sale and transfer, and even if the bill were destroyed, their right to the goods, under the sale, would not be destroyed with it.
Judgment must, therefore, be rendered for the defendants in error.

 Melville vs. Brown, 1 Har. 366.

 Tillou vs. Britton, 4 Hal. 136. Sharp vs. Teese, 4 Hal. 356. Owen vs. Arvis, 3 Dutch. 23. Garretson vs. Kane, 3 Dutch. 209. Doughty vs. King. 2 Stock. 396. Coley vs. Coley, 1 McC. 350. Benedict vs. Benedict, 2 McC. 151. Demarest vs. Terhune, 3 C. E. Gr. 532. Tantum vs. Green, 6 C. E. Gr. 364. National Bank, &c. vs. Sprague, 6 C. E. Gr. 530. Garretson vs. Brown, 2 Dutch. 425, 3 Dutch. 644. Jones vs. Naughright, 2 Stock. 298. Stratton vs. Allen, 1 C. E. Gr. 229.